JAP:DMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M-11-510

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

AYODELE OGUNDARE,

          Defendant.

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      CARLOS SOTO, being duly sworn, deposes and states that he is a Special Agent with United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about May 14, 2011, within the Eastern District of New York and elsewhere, defendant AYODELE OGUNDARE did knowingly, intentionally and unlawfully import into the United States from a place outside thereof heroin, a Schedule I controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. On May 14, 2011, defendant AYODELE OGUNDARE, a citizen of Nigeria, arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, from Lagos, Nigeria, via Air France Flight No. 22 from Paris, France.

2. During an examination, a Customs and Border Protection ("CBP") officer noticed that defendant AYODELE OGUNDARE exhibited nervous behavior.

3. In response to questioning, defendant AYODELE OGUNDARE said that he owned a tech company in Lagos, Nigeria, and had trained people to run his business while he was in New York. However, he could not identify any of the individuals that he had trained to run his business.

4. CBP officers did a pat down inspection of the defendant with negative results. Defendant AYODELE OGUNDARE was still exhibiting nervous behavior.

5. Defendant AYODELE OGUNDARE said that he planned to stay with his brother James in New York and that his brother had sent him the money to pay for the ticket. The defendant's brother James was contacted and confirmed that his brother was staying with him in New York, but said he had not sent money to pay for the ticket.

6. Defendant AYODELE OGUNDARE was asked if anybody asked him to ingest narcotics. Defendant AYODELE OGUNDARE responded "yes." He said he had ingested "eighty" pieces. He

3

was then presented with an x-ray consent form, which he read, understood, and voluntarily signed.

7. Prior to the x-ray, defendant AYODELE OGUNDARE said he could not wait to go to the bathroom. Defendant AYODELE OGUNDARE then passed twenty-eight (28) pellets in the Terminal 1 pat down room. One pellet was probed and field-tested positive for heroin.

8. Defendant AYODELE OGUNDARE was then transported to the medical facility at JFK, where an x-ray was taken of defendant's intestinal tract. The x-ray was positive for additional foreign bodies.

9. Defendant AYODELE OGUNDARE will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant AYODELE OGUNDARE be dealt with according to law.

CARLOS SOTO
Special Agent
Homeland Security Investigations

Sworn to before me this
16th day of May, 2011

HONORABLE ROE
UNITED STATES
EASTERN DISTI

S/ Levy